## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

10-MJ-71 (DWF/FLN)

| | | |
|---|---|---|
| IN RE SEARCH AND | ) | **ORDER** |
| SEIZURE WARRANT | ) | |

D. Gerald Wilhelm, Gregory G. Brooker, James S. Alexander, and John Docherty, Assistant United States Attorneys, United States Attorney's Office, counsel for Plaintiff United States of America.

Eric J. Riensche, Esq., and Jon M. Hopeman, Esq., Felhaber Larson Fenlon & Vogt, PA; Mark J. Kallenbach, Esq., Kallenbach Law Office; and Paul C. Engh, Esq.; and Peter B. Wold, Esq., Peter B. Wold, PA, counsel for Defendant.

Richard T. Thomson, Esq., and Tyler D. Candee, Esq., Lapp Libra, Thomson, Stoebner & Pusch, Chartered, counsel for Movant Wells Fargo Bank N.A.

R. J. Zayed, Esq., and Tara c. Norgard, Esq., Carlson Caspers Vandenburgh & Lindquist, counsel for Receiver Carlson Caspers Vandenburgh & Lindquist.

## **INTRODUCTION**

Before the Court is a Stipulation that resolves the motion filed under Federal Rule of Criminal Procedure 41(g) for the return of funds seized by the United States pursuant to seizure warrants issued by this Court. The Stipulation presented is between the United States of America ("United States") and the following entities, which shall hereinafter be referred to as "Inter-Mark": Inter-Mark Corporation, a Nevada corporation; Virtual Payments Systems LLC, a Wisconsin limited liability company; V-Media Marketing LLC, a Minnesota limited liability company; Cash Cards

International LLC, a Minnesota limited liability company; SMR Investments #1 LLC, a Minnesota limited liability company; iNetglobal LLC, a Minnesota limited liability company; and Inter-Mark LLC, a Minnesota limited liability company (hereinafter referred to as "Inter-Mark").

A hearing was held on June 23, 2011, at 9:00 a.m., for the Court's consideration of the Stipulation and Proposed Order.  Appearing on behalf of the United States were Gregory Brooker and James Alexander of the United States Attorney's Office.  Appearing on behalf of Inter-Mark was Peter Wold.  Also noting appearances were R. J. Zayed and Tara Norgard.

Based upon the Stipulation entered into by the Parties, and all the files, records, and proceedings herein, the Court issues the following Order:

## FACTUAL BACKGROUND

On February 19, 2010, this Court issued search warrants for several business locations related to Inter-Mark.  The requested search warrants related to business properties located in Minneapolis, Minnesota, including:  Suite 145, 250 Second Avenue South; Suite 106A, 250 Second Avenue South; Suite 104, 77 Thirteenth Avenue Northeast; Suite 210, 77 Thirteenth Avenue Northeast; and Suite 10, 411 Washington Avenue North.  (Doc. Nos. 1-16.)

In conjunction with the execution of the search warrants, this Court on February 19, February 24, and March 2, 2010 issued warrants for the seizure of certain property in this matter.  (Doc. Nos. 17-44.)  The three warrants issued by the Court seized the following property and assets:

a.  Funds in the amount of $12,659,562.69 seized on or about February 19, 2010, from Wells Fargo Bank account number #xxxx9014, held in the name of Inter-Mark Corporation;

b.  Funds in the amount of $1,634,964.91 seized on or about February 19, 2010, from Wells Fargo Bank account number #xxxx8181, held in the name of Inter-Mark Corporation;

c.  Funds in the amount of $2,810,665.69 seized on or about February 19, 2010, from Wells Fargo Bank account number #xxxx0277, held in the name of Inter-Mark Corporation;

d.  Funds in the amount of $309,403.12 seized on or about February 19, 2010, from Wells Fargo Bank account number #xxxx3024, held in the name of Inter-Mark Corporation;

e.  Funds in the amount of $191,424.53 seized on or about February 19, 2010, from Wells Fargo Bank account number #xxxx3420, held in the name of Inter-Mark Corporation;

f.  Funds in the amount of $3,269,141.71 seized on or about February 19, 2010, from Bremer Bank account number #xxx0036, held in the name of Virtual Payment Systems LLC;

g.  Funds in the amount of $1,262,623.31 seized on or about February 19, 2010, from Bremer Bank account number #xxxx0044, held in the name of V-Media Marketing LLC;

h.  Funds in the amount of $621,046.70 seized on or about February 19, 2010, from Bremer Bank account number #xxxx0095, held in the name of Cash Cards International LLC;

i.  Funds in the amount of $1,965,962.93 seized on or about February 19, 2010, from Bremer Bank account number #xxxx0087, held in the name of Virtual Payment Systems;

j.  Funds in the amount of $1,100,000 seized on or about February 24, 2010, from Guaranty Bank account number #xxxx0314, held in the name of SMR Investments #1 LLC;

k.  Funds in the amount of $100,138.56 seized on or about February 24, 2010, from Guaranty Bank account number #xxxx9243, held in the name of Steven Renner;

    l.    Funds in the amount of $51,346.19 seized on or about February 24, 2010, from Guaranty Bank account number #xxxx8891, held in the name of Steven Renner;[1] and

    m.    Funds in the amount of $75,687.05 seized on or about March 2, 2010, from Wells Fargo Bank account number #xxxx0277, held in the name of Inter-Mark Corporation;

(Doc. Nos. 17-44.)

Pursuant to the seizure warrants issued, the United States seized a total of $26,051,967.39 from the above-listed accounts (hereinafter referred to as the "Seized Funds"). (Doc. Nos. 17-44.)

Following the seizure of the Seized Funds by the United States, Inter-Mark brought an action pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the return of the Seized Funds. On April 12, 2010, this Court held a hearing on the motion to return the Seized Funds. Following the hearing, the Parties were ordered to attend a settlement conference before Magistrate Judge Franklin J. Noel, which took place on May 6, 2010. (Doc. Nos. 65, 72.) An additional settlement conference was held on May 18, 2010.

On June 15, 2010, the Parties entered into and filed an Interim Agreement regarding the Seized Funds. (Doc. No. 107.) Pursuant to the terms of the Interim Agreement, the United States released funds for past due salaries, payroll taxes, health

---

[1]    A seizure warrant was also obtained on February 24, 2010, for TCF Bank account #xxxx6891 held in the name of Steven Renner. This account had a zero balance, and no funds were seized from the account. (Doc. Nos. 17-44)

insurance premiums, and income tax payments, and since then has returned to Inter-Mark approximately $200,000 each month. (Doc. No. 107.) Under the terms of the Interim Agreement, the parties also agreed that the Court would appoint an attorney to disburse the funds each month to Inter-Mark as set forth in the Court's Appointment Order. (Doc. No. 108.) Attorney R.J. Zayed was so appointed. (*Id.*)

On June 17, 2011, the Parties filed a Stipulation to fully and completely settle the Rule 41(g) motion.

## ORDER

**A.     Appointment of Temporary Administrator of Seized Funds.**

The Court hereby appoints R. J. Zayed as a Temporary Administrator of Seized Funds ("Administrator"). The Administrator shall solely be the agent of this Court in acting as Administrator, and the Administrator shall be accountable directly to this Court.

**B.     Transfer of Seized Funds to Administrator.**

Within 45 days of the date of this Order, the United States shall transfer the balance of the Seized Funds to the Administrator, which is detailed in the Exhibit to this Order. For good cause shown, the United States is authorized to seek an extension if such transfer cannot be effectuated within the 45 days. Release of any funds shall be subject to any debt owed to the United States, any agency of the United States, or any other debt which the United States is authorized to collect.

**C.     Duties of Administrator.**

The duties of the Administrator shall include the following:

1.     The Administrator shall assume full control of the Seized Funds once they

have been transferred by the United States to the Administrator pursuant to this Order.

2.     Upon verification by the Administrator, as set forth in the process detailed in paragraphs 4 through 9 below, the Administrator shall disburse from the Seized Funds to members of Inter-Mark the commissions and fees they earned as of February 23, 2010, as detailed below.

3.     The Administrator shall conserve, hold, and manage the Seized Funds transferred by the United States as part of the Court's Order, and shall perform all acts reasonably necessary or advisable to preserve the value of the Seized Funds until they are validly distributed to the members of Inter-Mark.

4.     The Administrator shall have the authority, with Court approval, to choose, engage, and employ attorneys, paralegals, clerks, secretaries, accountants, appraisers, independent contractors, technical specialists, and any other personnel as the Administrator deems reasonably advisable or necessary in the performance of his duties and responsibilities to distribute the funds to the members of Inter-Mark (hereinafter referred to as "Retained Personnel").

5.     Inter-Mark shall from time to time provide the Administrator with a list of members for whom Inter-Mark has verified the names, addresses, government identification documents, IRS tax forms, and the amount of commissions and fees due and owing to the members as of February 23, 2010.

6.     Prior to authorizing the payments from the Seized Funds of the amount of commission and fees due and owing to the individual members of Inter-Mark, the

Administrator shall verify, by means of audit, statistical sampling, or other reasonable methodologies, the member information provided by Inter-Mark.

7. The Administrator shall have the power to request and review business records, including computers and electronically stored data, of Inter-Mark in order to verify and validate the amounts due and owing to one or more members of Inter-Mark.

8. If the Administrator is satisfied, in his sole discretion, that the identity of the Inter-Mark member is correct, that the amount due and owing to the member is correct, and that the name, address, government identification documents, and IRS tax forms of that member are proper, the Administrator shall wire transfer from the Seized Funds to that member's "e-wallet" account with International Payout Systems the amount due and owing to that member.

9. The Administrator shall maintain accurate records of all receipts and approvals for distributions and expenditures that the Administrator makes from the Seized Funds.

10. The Administrator shall not be responsible for resolving any disputes between Inter-Mark and any member as to the amount that is due and owing to the member. The Administrator, subject to verification and validation, shall accept the amount due and owing to the member that Inter-Mark provided to the Administrator. The Administrator shall not be responsible for resolving any disputes between International Payout Systems "e-wallet" and any member concerning payment or the amount of payment.

11. The Administrator shall continue to provide monthly stipends of operating capital to Inter-Mark, as detailed in the Court's Appointment Order. (Doc. No. 108.) The monthly stipends shall cease once a final report is filed with the Court by the Administrator and the remaining, excess funds are returned to Inter-Mark pursuant to this Court's Order.

**D.   Compensation to Administrator.**

The Administrator and Retained Personnel are entitled to reasonable compensation for the performance of duties pursuant to the Court's Order and for the cost of actual out-of-pocket expenses incurred by them. Such compensation shall be approved by this Court and shall be paid from the Seized Funds.

**E.   Administrator Bond.**

The Administrator shall not be required to post bond or give any undertaking of any type with his fiduciary duties and obligations in this matter unless ordered by this Court.

**F.   Administrator Liability.**

The Administrator and Retained Personnel are entitled to rely on all outstanding rules of law and Court Orders and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Administrator or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Administrator or Retained Personnel, nor shall the Administrator or Retained Personnel be liable to anyone for any actions taken or omitted

by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

**G.      Cooperation of Inter-Mark with Administrator.**

Inter-Mark shall fully cooperate with the Administrator in implementing the Court's Order in this case. Inter-Mark shall make any records available to the Administrator so that the Administrator can duly perform the duties and obligations under this or any other Order of this Court.

**H.      Excess Funds in the Seized Fund.**

If there are excess funds in the Seized Fund following: (1) the payment of all commissions and fees due and owing to the members of Inter-Mark as of February 23, 2010; (2) the payment of all compensation and out-of-pocket expenses of the Administrator and the Retained Personnel; and (3) the interim distributions to Inter-Mark under the Interim Agreement of June 15, 2010, such excess funds shall be returned to Inter-Mark by the Administrator following a full and complete accounting and the filing of a final report by the Administrator. Inter-Mark assumes full responsibility for allocating any funds that are returned among the various companies associated with Inter-Mark from whom the funds were seized.

**I.      Final Report of Administrator.**

The Administrator shall file with the Court and serve on the Parties a final report detailing the distributions made from the Seized Funds.  Following receipt of the final report, this matter shall be closed.

SO ORDERED.

Dated:  June 23, 2011              s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge